**Jesse E. STURDEVANT, Appellant,**

v.

**Dr. R. O. SETTLE, Warden, Medical Center for Federal Prisoners, Appellee.**

**No. 16140.**

United States Court of Appeals Eighth Circuit.

April 8, 1959.

Jesse E. Sturdevant filed brief pro se.

Edward L. Scheufler, U. S. Atty., and Joseph L. Flynn, Asst. U. S. Atty., Kansas City, Mo., filed brief for appellee.

Before SANBORN, JOHNSEN and VAN OOSTERHOUT, Circuit Judges.

PER CURIAM.

This is an appeal by Jesse E. Sturdevant from an order of the United States District Court for the Western District of Missouri, entered October 17, 1958, denying his petition for a writ of habeas corpus. Sturdevant, who will be referred to as "defendant", is confined in the Medical Center for Federal Prisoners in Springfield, Missouri, by virtue of a commitment to the custody of the Attorney General "until said Defendant shall be mentally competent to stand trial or until the pending charges against him are disposed of according to law." The commitment was entered by the United States District Court for the District of Wyoming on June 5, 1958.

The record shows that that court on June 3, 1958, had, pursuant to 18 U.S.C. § 4244, held a hearing as to the mental competency of the defendant to stand trial upon charges pending against him; that the defendant was present at the hearing and was represented by counsel;

that evidence was adduced, including that of a qualified psychiatrist and several other witnesses, as well as the defendant's wife; that the court on June 5, 1958, filed findings determining that the defendant was temporarily insane, with a diagnosis of paranoid schizophrenia; that he was so mentally incompetent as to be unable to understand the proceedings against him or to assist in his defense; and that he should be committed to the custody of the Attorney General until his competency to stand trial was restored or the charges against him were otherwise legally disposed of. The defendant's commitment was based upon these findings and conclusions.

On October 7, 1958, the defendant filed in the United States District Court for the Western District of Missouri a petition for a writ of habeas corpus, stating, in substance, that his life was in constant jeopardy; that before the war he was a guard in the United States Prison at El Reno, Oklahoma; that shortly after he was brought to the Medical Center he was warned not to tell anyone he was once a prison guard; that this was a ridiculous demand; that eventually he would be found out; that it was a demand that would make a "gibbering idiot out of the average person"; that it means that he has to consider carefully every word he utters; that "it is such a callous defiance of the law as is seldom seen"; and that "in order to obey this order (the demand) successfully" he "would have to be the sanest man in Wyoming."

On the same day, October 7, 1958, the defendant filed in the United States District Court for the Western District of Missouri another or supplemental petition for a writ of habeas corpus, requesting that he be returned to Wyoming for trial upon the charges pending against him and asserting that he had been denied a trial on the ground that he was insane, which is false; that he is "in tip top health, physical and mental," clearly understands the nature of the charges against him, and wishes to return to Wyoming for trial.

The District Court for the Western District of Missouri on October 7, 1958, entered an order directing the respondent Warden (appellee) to show cause why the defendant's petition for a writ of habeas corpus should not be granted.

In his response, filed October 16, 1958, to the order to show cause, the Warden referred to the order of commitment made by the United States District Court for the District of Wyoming, pursuant to 18 U.S.C. § 4246, and the findings upon which it was based. He stated that the defendant was admitted to the Medical Center on June 20, 1958; that he was examined by Dr. Donald B. Rinsley, a copy of whose report of examination was attached; that a letter of Dr. R. O. Settle, Warden, of October 10, 1958, a copy of which was also attached to the response, indicated that the staff of the Medical Center were in agreement with Dr. Rinsley's findings, but had not had sufficient time to prepare their report; and that "It appears that the condition which caused the petitioner's [defendant's] confinement still exists and in view of the short space of time in which the petitioner has been confined, different results could hardly be expected."

The detailed report of Dr. Rinsley, Staff Psychiatrist at the Medical Center, fully supports the findings made by the United States District Court for the District of Wyoming. The letter of the Warden attached to his response states: "The Staff is of the opinion this man is unable to understand the proceedings against him or properly assist in his own defense."

The District Court on October 17, 1958, denied the defendant's petition for habeas corpus. We fail to perceive how, upon this record, it could be held that, under the circumstances of this case, the District Court erred in denying the defendant's petition for the writ of habeas corpus. See and compare Greenwood v. United States, 8 Cir., 219 F.2d 376, 387, affirmed 350 U.S. 366, 375, 76 S.Ct. 410, 100 L.Ed. 412.

The order appealed from is affirmed.